1

2

3

4

5                    IN THE UNITED STATES DISTRICT COURT

6                  FOR THE EASTERN DISTRICT OF CALIFORNIA

7

8    DIANE R. LIERMANN,                )
                                       )    2:12-cv-00351-GEB-JFM
9                   Plaintiff,         )
                                       )
10         v.                          )    STATUS (PRETRIAL SCHEDULING)
                                       )    ORDER
11   THE JACKSON LABORATORY, and DOES  )
     1-20, inclusive,                  )
12                                     )
                    Defendants.        )
13   _____)

14         The status (pretrial scheduling) conference scheduled for

15   hearing on June 11, 2012, is vacated since the parties' Joint Status

16   Report filed on May 23, 2012 ("JSR") indicates the following Order

17   should issue.

18            SERVICE, JOINDER OF ADDITIONAL PARTIES, AMENDMENT

19         Plaintiff states in the JSR that she "may join additional

20   parties after conducting discovery." (JRS 2:11.) This statement fails to

21   comply with Plaintiff's obligation under Rule 16 to provide meaningful

22   information on when the referenced amendment would be sought. "Parties

23   anticipating possible amendments . . . have an unflagging obligation to

24   alert the Rule 16 scheduling judge of the . . . timing of such

25   anticipated amendments in their status reports so that the judge can

26   consider whether such amendments may properly be sought solely under the

27   Rule 15(a) standard, and whether structuring discovery pertinent to the

28   parties' decision whether to amend is feasible." Jackson v. Laureate,

                                        1

<u>Inc.</u>, 186 F.R.D. 605, 608 (E.D. Cal. 1999)(internal quotation marks and citation omitted).

Plaintiff shall conduct discovery pertinent to identifying any Doe defendants forthwith, and is authorized to file a motion in which leave is sought under Federal Rule of Civil Procedure 15(a) to file an Amended Complaint substituting a named defendant in place of a Doe defendant provided that the motion in which leave is sought is filed no later than ninety (90) days from the date on which this order is filed; the motion shall be noticed for hearing on the earliest available regularly scheduled law and motion hearing date.

No further service, joinder of parties, or amendments to pleadings is permitted, except with leave of Court for good cause shown. If leave is not sought as stated, Does 1 through 20 will be automatically dismissed from this action.

<u>ADDED DEFENDANT'S OPPORTUNITY TO SEEK AMENDMENT OF THIS ORDER</u>

If Plaintiff substitutes a named defendant in place of a Doe defendant, a copy of this Order shall be served on that defendant concurrently with the service of process.

That defendant has 30 days after said service within which to file a "Notice of Proposed Modification of Status Order." Although a newly-joined party's proposed modification filed within this thirty day period will not have to meet the good cause standard, no further amendments will be permitted, except with leave of Court for good cause shown.

<u>DISCOVERY</u>

All discovery shall be completed by March 20, 2013. In this context, "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to

1  discovery shall have been resolved by appropriate orders, if necessary,

2  and, where discovery has been ordered, the order has been complied with

3  or, alternatively, the time allowed for such compliance shall have

4  expired.

5          Each party shall comply with Federal Rule of Civil Procedure

6  26(a)(2)(B) and (C)'s initial expert witness disclosure requirements on

7  or before November 20, 2012, and any contradictory and/or rebuttal

8  expert disclosure authorized under Rule 26(a)(2)(D)(ii) on or before

9  December 20, 2012.

10                       MOTION HEARING SCHEDULE

11         The last hearing date for a motion is May 20, 2013, commencing

12 at 9:00 a.m.[1] A motion shall be briefed as prescribed in Local Rule 230.

13         The parties are cautioned that an untimely motion

14 characterized as a motion in limine may be summarily denied. A motion in

15 limine addresses the admissibility of evidence.

16                       FINAL PRETRIAL CONFERENCE

17         The final pretrial conference is set for July 15, 2013, at

18 3:30 p.m. The parties are cautioned that the lead attorney who WILL TRY

19 THE CASE for each party shall attend the final pretrial conference. In

20 addition, all persons representing themselves and appearing in propria

21 persona must attend the pretrial conference.

22         The parties are warned that **non-trial worthy issues could be**

23 **eliminated *sua sponte*** "[i]f the pretrial conference discloses that no

24 material facts are in dispute and that the undisputed facts entitle one

25

26

27

          [1]    This time deadline does not apply to motions for continuances,
28 temporary restraining orders, emergency applications, or motions under
   Rule 16(e) of the Federal Rules of Civil Procedure.

of the parties to judgment as a matter of law." <u>Portsmouth Square v.</u>
<u>S'holders Protective Comm.</u>, 770 F.2d 866, 869 (9th Cir. 1985).

  The parties shall file a **JOINT** pretrial statement no later
than seven (7) calendar days prior to the final pretrial conference. The
joint pretrial statement shall address the applicable portions of Local
Rule 281(b), and shall set forth each theory of liability ("claim") and
affirmative defense which remains to be tried, and the ultimate facts on
which each theory/defense is based. Furthermore, each party shall
estimate the length of trial.[2] The Court uses the parties' joint pretrial
statement to prepare its final pretrial order and could issue the final
pretrial order without holding the scheduled final pretrial conference.
<u>See</u> <u>Mizwicki v. Helwig</u>, 196 F.3d 828, 833 (7th Cir. 1999)("There is no
requirement that the court hold a pretrial conference.").

  If feasible, at the time of filing the joint pretrial
statement counsel shall also email it in a format compatible with
WordPerfect to: geborders@caed.uscourts.gov.

<u>TRIAL SETTING</u>

  Trial shall commence at 9:00 a.m. on October 22, 2013.

  IT IS SO ORDERED.

Dated:  June 5, 2012

          _____
         GARLAND E. BURRELL, JR.
         United States District Judge

---

  [2] If a trial by jury has been preserved, the joint pretrial
statement shall also state how much time each party desires for voir
dire, opening statements, and closing arguments.